MILLS, Judge.
The State appeals an order suppressing the results of a warrantless search of Jenkins’ automobile. We reverse.
*295 After reviewing the information available to Officer Maynard when he stopped Jenkins and searched his vehicle, we find that he had probable cause to. search the vehicle. The scope of this search may be as broad as that which may be authorized by a magistrate. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
The police used five different confidential informants. The first two contacted Officer Maynard, an experienced narcotics investigator, on 12 March 1982. They told of a black, middle-aged male, weight 170, height 5'10", driving a white Lincoln Mark V, New York tag with the number, who frequented the Lyons Motel/Galaxy Club area. He was .living in a white frame house in the area where he sold drugs. These confidential informants had never given information before. They had not bought drugs but knew the traffic pattern to the house and heard him talk of the money in drugs. Maynard consulted with Officer Jackson who also had received the information from a third informant, also without a track record. The third confidential informant gave the suspect a name, Jenkins.
On 16 March, a fourth confidential informant, this one with a track record of reliability, informed Officer Jackson that Jenkins was selling cocaine in clear vials for $20 each. On 22 March, this confidential informant and the third confidential informant told Officer Jackson that Jenkins had been robbed of his drugs, that shots had been fired, that Jenkins was armed, and that the car now had a Florida tag. Officer Maynard was given this information.
On 29 March, the dispatcher informed Officer Maynard that a phone call had reported that a black male in a white sedan was selling drugs at the Lyons Motel and an immediate response might catch him. After Officer Maynard arrived and looked fruitlessly for the sale, another call was received by the dispatcher agreeing to meet with the police. Officer Kilgore met this fifth confidential informant. This confidential informant had seen cocaine and two pistols in Jenkins’ possession shortly before the arrest. During a discussion of drug trafficking in the area, a white Lincoln sedan drove by. The confidential informant pointed out the ear to Officer Kilgore who signaled Officer Maynard. Officer Maynard stopped the Lincoln and conducted the challenged search.
The information given the police was reliable enough to support a decision that probable cause existed.
The fifth confidential informant was in Officer Kilgore’s presence, enabling the officer to observe his demeanor, State v. Brock, 426 So.2d 1287 (Fla. 1st DCA 1983). This informant’s information had been corroborated by other informants, including one with a record of reliability. The information provided by the first four informants was very specific, contributing to its reliability, Hetland v. State, 387 So.2d 963 (Fla.1980). The officers evaluated the information in light of their experience as narcotics officers, Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982).
Reviewing the knowledge of the officers in a “common-sense and realistic fashion,” United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), we have no doubt that when the fifth confidential informant said, “There he goes now,” Officer Maynard had probable cause to search the white Lincoln.
REVERSED.
JOANOS and THOMPSON, JJ., concur.